

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE MILTON PUENTES, | § | |
| Movant, | § | |
| VS. | § | NO. 4:18-CV-480-A |
| | § | (NO. 4:15-CR-079-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jose Milton Puentes ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:15-CR-079-A, styled "United States of America v. Jose Milton Puentes," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

Ono April 15, 2015, movant was named in a one-count indictment charging him with distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(a) & (b)(1)(B). CR

Doc.[1] 3. On July 17, 2015, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 21. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 23. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 50.

According to the PSR, movant's base offense level was 34. CR Doc. 26 ¶ 27. Movant received a two-level increase for possession of a dangerous weapon, id. ¶ 28, a two-level increase for

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-079-A.

importation from Mexico, id. ¶ 29, a two-level increase for maintaining a premises for manufacturing or distributing a controlled substance, id. ¶ 30, and a two-level increase for being a organizer, leader, manager, or supervisor, id. ¶ 32. Movant did not receive any adjustment for acceptance of responsibility. Id. ¶ 36. Based on his total offense level of 42 and a criminal history category of I, and the statutorily authorized maximum sentence of 40 years, the guideline range was 360-480 months. Id. ¶ 75. Movant filed ten objections to the PSR. CR Doc. 44. The probation officer issued an addendum to the PSR rejecting each of movant's objections. CR Doc. 30. In response, movant renewed all of his previous objections. CR Doc. 45. By order signed October 26, 2015, the court gave notice that it had tentatively concluded that the objections were without merit. CR Doc. 32.

On October 30, 2015, movant was sentenced to a term of imprisonment of 360 months, to be followed by a 48-month term of supervised release. CR Doc. 38. At the sentencing hearing, movant pursued all of his objections and presented the testimony of his mother. CR Doc. 51. The objections were overruled and the court adopted the findings of the PSR as supplemented by rulings in open court. Id. The court noted that the same sentence would have

been imposed even if some of the objections had been sustained. Id. Movant appealed and his sentence was affirmed. United States v. Puentes, 681 F. App'x 341 (5th Cir. 2017).

II.

Grounds of the Motion

Movant urges ten grounds in support of his amended motion.[2] Nine of them concern alleged ineffective assistance of counsel. The last concerns the length of the sentence. The grounds are worded as follows:

> Ground One: Whether counsel rendered ineffective assistance by failing to object properly to the § 2D1.1(b)(1) enhancement because the government failed to prove that the handgun was operable
>
> Ground Two: Whether trial and appeals counsel rendered ineffective assistance by failing to raise that the district court clearly erred in not granting a reduction for acceptance of responsibility under the guidelines § 3E1.1(a)(b)
>
> Ground Three: Whether Puente's trial attorney rendered ineffective assistance for not challenging properly to the incorrect increase to his offense level under U.S.S.G. § 3B1.1(c)
>
> Ground Four: Whether Puentes entered a voluntary, knowingly, and intelligently plea agreement with sufficient legal advice by his counsel
>
> Ground Five: Whether trial and appellate attorney provided ineffective assistance by failing to challenge an ex post facto claim

---

[2]By order signed July 17, 2018, the court granted movant leave to amend and directed that he use the form to be provided to him by the clerk to do so. The clerk received the amended motion for filing on July 30, 2018.

4

Ground Six: Whether trial and appellate counsel rendered ineffective assistance by not clearifying [sic] that what was presented as a .22-pistol from assessment of § 2D1.1(b)(1) was in fact a .22-hunting rifle legally purchased through a sport and goods store in California

Ground Seven: Whether trial and appellate attorneys provided ineffective assistance for not challenging the increase enhancement for importation of methamphetamine under U.S.S.G. § 2D1.1(b)(5)

Ground Eight: Whether trial counsel and appellate attorneys provided ineffective assistance for not challenging the increase enhancement for maintaining a premises under § 2D1.1(b)(12)

Ground Nine: Whether trial counsel and appellate attorneys provided ineffective assistance for not challenging the increase enhancement for organizer, leader, or manager under § 3B1.1(c)

Ground Ten: Whether Puente's sentence was disproportionate and in disaccord to the 18 U.S.C. § 3553 general principals

Doc.[3] 10 at PageID[4] 62-64. The motion is supported by a memorandum. Doc. 11.

### III.

### Standards of Review

A.  <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[4] The PageID __" reference is to the page number assigned by the court's electronic filing system.

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

7

deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's first and sixth grounds concern the two-level enhancement for possession of a dangerous weapon. In support of his first ground, he argues that the government did not actually test fire the weapon to determine whether it was operable. But whether the gun was operable is not dispositive. United States v. Mitchell, 31 F.3d 271, 278 (5th Cir. 1994). The case movant cites, United States v. Abdul-Aziz, 486 F.3d 471 (8th Cir. 2007), is not to the contrary. As the Fifth Circuit has noted, mere presence of a gun can escalate the danger of a drug transaction. Mitchell, 31 F.3d at 278. In support of his sixth ground, movant argues that his trial and appellate counsel were ineffective in failing to clarify whether the .22 was a pistol or a rifle. Whatever the nature of the weapon, the fact is that it was found at the site where drugs were found and drug-trafficking was ongoing. See Puentes, 681 F. App'x at 344-45. In any event, movant offers nothing other than speculation to support these grounds.

8

Movant's second ground is that counsel provided ineffective assistance by failing to raise that the court clearly erred in not granting him a reduction for acceptance of responsibility. In this regard, movant says that when agents came to his house, he pointed to the woodpile as the place where drugs were stored. Doc. 11 at 4. He then argues that any comments to the probation officer about his involvement in drug trafficking were harmless. Id. at 4-5. The PSR and addendum explained why movant was not entitled to acceptance of responsibility. He falsely denied relevant conduct. There was nothing his counsel could have done to rectify that situation. The court was entitled to rely on the information contained in the PSR. United States v. alaniz, 726 F.3d 586, 619 (5th Cir. 2013). Movant's counsel was not required to raise a frivolous issue.

In his third ground, movant says that his counsel was ineffective in failing to properly challenge the enhancement for role in the offense. His argument is based on speculation as to what the government knew concerning the cartel of which movant was part. He says his attorney was "ineffective for not presenting and exhibiting the actual circumstances of his case," Doc. 11 at 7, but provides no evidence of what could or should have been presented. Nor does he show how such evidence would

have made any difference in the outcome. The PSR and addendum clearly show why the enhancement was applicable.

Movant's fourth ground attacks his plea of guilty. He argues in a conclusory way that his counsel "provided to him only general advice in regard to him entering his plea agreement,[5] and no advice in regard to the applicable law and his options during the proceedings." Doc. 11 at 7. He also says his counsel failed to explain the penalty range he faced. Id. And, he says that counsel told him he would be out of prison in less than ten years. Id. at 8. These allegations are wholly unsupported. That movant's plea was knowing an voluntary is established by the record. CR Doc. 50.

In his fifth ground, movant says his trial and appellate counsel were ineffective in failing to challenge an ex post facto claim. Without any support whatever, movant argues that the court erred in applying the 2015, rather than 2013, sentencing guidelines. He says that the mistake resulted in an increased sentencing exposure of 68 to 115 months. Doc. 11 at 10. Movant is correct that a sentence that is increased due to a guideline amendment after the offense was committed can violate the ex post facto clause. Peugh v. United States, 569 U.S. 530, 541 (2013).

---

[5]Of course, movant had no plea agreement.

However, that did not occur in movant's case. The probation officer used the 2014 Guidelines Manual to calculate the sentence. CR Doc. 26 ¶ 26. Thus, movant received the benefit of Amendment 782, which caused his base offense level to be 34 rather than 36. Compare U.S.S.G. § 2D1.1(c)(3)(2014) and U.S.S.G. § 2D1.1(c)(2)(2013).

Movant's seventh ground, that his counsel was ineffective in failing to challenge the two-level enhancement for importation based on movant's lack of knowledge regarding source, is foreclosed by the law of the Fifth Circuit. United States v. Serfass, 684 F.3d 548, 550 (5th Cir. 2012).

In his eighth ground, movant says that his trial and appellate counsel were ineffective for failing to challenge the enhancement for maintaining a drug premises. Again, movant presents nothing but conclusory arguments (and no evidence) in support of this ground.

In his ninth ground, movant argues that his trial and appellate counsel were ineffective for not challenging his enhancement for being an organizer, leader, or manager. He offers no evidence to support his conclusory allegations. His trial counsel did object and present testimony, but the objection was overruled. Movant simply has not shown that the outcome would have been different had he prevailed.

Finally, movant argues that his sentence was disproportionate and in disaccord with the principles of 18 U.S.C. § 3553. This ground could and should have been raised on appeal and cannot be presented here, where movant has not shown cause and prejudice. United States v. Guerra, 94 F.3d 989, 993-94 (5th Cir. 1996).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 25, 2018.

_____
JOHN McBRYDE
United States District Judge